We will hear argument next in Case No. 241833, Young v. Collins. Mr. Prohocky. Thank you, Your Honor. May it please the Court, on behalf of Mr. Young, I want to thank this Court for the opportunity to present his appeal. This appeal turns on whether the Board's decision, declining to vacate the prior decision, is a final decision under 38 U.S.C. 511a. I want to start by discussing this Court's decision in Harms v. Nicholson and explain why our case is distinguishable, and then I'll explain why the Board issued a final decision under 511a. In Harms, the Veterans appealed both the underlying Board decision he sought to vacate and the motion in an attempt to start, as the Court said, anew the 120-day jurisdictional limit on appeals. This Court affirmed the Veterans Court decision because the motion to vacate was filed more than 120 days after that decision. This Court emphasized that even if the motion to vacate is granted, all it does is nullify the prior Board decision, and there was nothing on the merits of the prior decision to review in an appeal. But here, Mr. Young does not seek review of the underlying Board decision. But why does that matter here? Because in Harms, the Court, well, initially the Veterans Court and ultimately this Court, said that neither of those orders was appealable. And that here, only one of the two orders that were said to be unappealable in Harms is at issue. But did the Harms not expressly say that the motion to vacate, in addition to the ultimate, the prior decision, was unappealable? And why isn't that binding on us as a panel? It did, Your Honor, but looking at the context of that order and what was presented to both the Veterans Court and this Court, that ruling was within the context that the Veteran was seeking review of the Board's decision and the motion to vacate. And because of that But why does that matter? It matters because the 120-day jurisdictional, the 120-day deadline to file the appeal is, had passed. And what Mr. Harms was attempting to do, or at least the way that the pleadings were described in the decision, Mr. Harms was attempting to get that Board decision before the Court, after the 120 days had elapsed, by virtue of filing a motion to vacate that decision. And so this Court was focused on the fact that the Board's decision was no longer reviewable and filing a motion to vacate doesn't somehow give them another 120 days to appeal that Board's decision. But isn't that exactly what would happen here if the motion to vacate were appealable and were granted? You would end up saying that previous decision is vacated, we're starting anew, and that would be exactly the relief that Harms sought. It would not, Your Honor, because if the Board grants the motion to vacate, they will be forced to issue a new decision that would then start another 120 day deadline to appeal and Harms discussed that. Essentially, the veteran would be getting the benefit of vacating that decision, issuing a brand new decision that could then be appealed. But that would have happened in Harms? No, Your Honor, because Harms was, again, Harms was attempting to appeal the unvacated But set aside, suppose that Harms had had two completely different sections of his brief. He said, number one, I want to appeal that original decision, and number two, I want to appeal the motion to vacate. And the Court had said in a proceeding prior to the actual hearing on that second issue, we're just not even going to hear that first argument. It's clearly wrong. You're clearly out of time. We'll focus entirely on the second. Then you would agree that in that setting, this case would be identical to Harms, right? I think, well, I'm not sure that I would agree with that statement, Your Honor, because I think that Harms didn't look at that situation. Harms looked at trying to bring in the board's decision, piggybacking on the motion to vacate, and seeking review of the board's decision that had already been final, that had not been appealed. Here, Mr. Young is looking to obtain judicial review of the board's determination that there would not vacate the decision. That is a final decision under 511A. I think that when we look at Locomotive Engineers, which was discussed extensively in Harms, there's support in that decision for our position. Locomotive Engineers was focused on a motion for reconsideration based on essentially the same record, essentially the same facts. It was looking for the appeals court to review for simply a higher standard of error. The Supreme Court said that doesn't make any sense. The Supreme Court, what they did in Locomotive Engineer was distinguish between... Judge, do you agree that Mr. Young is not seeking equitable total, right? Do you agree with that? He is not, Your Honor, no. I still feel like you didn't really answer Judge Bryson's hypothetical directly. I heard you say that's not what happened in Harms, but I didn't feel like there was a clear answer to what Judge Bryson posed to you. Could you go back to that? As I understand the question, Your Honor, if there were two different determinations by the board, by the agency, that we're not going to consider this, or I'm sorry, by the Veterans Court, that we're not going to consider the review of the board's decision and then looking specifically at the motion to vacate determination. The second part would be what Mr. Young is asking this court to address. Again, that has not been, as far as we can tell, dealt with in any precedential decision by any court. What all of the veterans have done in the case law that we could find was attempt to, through reconsideration or vacature, bring the unappealed board's decision before the Veterans Court. Time and again, the Veterans Court has said, no, you have 120 days. You should have done it during that time, and distinguishing between that or where some motion was filed within that time to delay the start of that. Does that answer the question, Your Honor? I think that's all I'm going to get today, so I will allow you to continue. I really do want to answer that question because I think it's the lynchpin to this appeal, is that none of the case law has directly spoken to whether a stand-alone motion to vacate determination can be appealed to the Veterans Court or to this court. That's why harms is distinguishable because it has not answered that question. We believe that it is a final decision, and it is appealable under the Veterans Court's jurisdictional statute. It really has to be, again, turning back. If we believe that harms controls the situation, do you agree that you lose? Yes, Your Honor. I think if this court reads harms to cover this specific situation, then yes, we would be bound by that determination. You can ask this. This regulation has some similarities to, I guess, either of two other VA remedies that can be sought very long after an underlying decision. One is CUE claims, and the other is reopening claims, at least the particular 3.156C reopening claim where the underlying error was failure to get service medical records. Both of those involve, first of all, mandatory language, the CUE mandatory language. So a quite specific congressional choice to make a CUE denial subject to, what's it, Chapter 72. And the reopening also doesn't have may language, which the current regulation at issue here does have. And second, this claim is one unlike the reopening for new and material evidence that was fully available at the time of the 1999 board decision. Why do not those distinctions reinforce or justify the broader reading, let's call it, of our harms decision in line with what the Supreme Court said in the Brotherhood of Locomotive Engineers, which was pretty careful to distinguish claims that assert some newly available basis as opposed to just error that was fully available at the time? Right, Your Honor, and Locomotive Engineer did distinguish between those, and we think that the VA's regulation for vacature falls under that second part of the distinguished cases where there's a different basis for... Well, it's a different, I mean, how does the allegation, even if it is properly characterized as a due process allegation, which the board said it wasn't, and it's at least a little hard superficially to see why this is a failure to carry out a remand instruction, is a due process problem. But even assuming that it is, that was equally true in 1999. There was nothing more, there's no new information that the board would now be considering under this regulation to say, oh, this really quite changes the picture. That's true, Your Honor, but when you look at what the Veterans Court does on direct appeal versus under this regulation, this regulation requires a specific finding of what is or is not a due process error, which is a legal determination. And when the Veterans Court reviews a decision, it's not looking necessarily at due process, and when assessing whether an error has been made, if the court can find a lesser basis, it's going to bypass the constitutional issue. And so the case law that was discussed in the motion to vacate guarantees adherence with the remand order, and that would have formed the basis, or there could have been something else. So the regulation 20.1000 injects a new basis for setting aside vacating that prior decision and requires at least some assessment of what is a due process error. Is what the veteran pled here, does it fall within that? I mean, the regulation that was at issue in Brotherhood of Locomotive Engineers is extremely similar to this. It says that the, I guess the ICC may, I forget whether the word is reopen or something, but let's call it reopen, an underlying order for some new information, but also just for material error, I think was the term. Right, Your Honor. And the court was careful to say that it had in front of it only a claim of material error with this May language, which is quite like the 20.1000 language. We, again, we think that these are more akin to the other errors that the locomotive engineers were discussing that suggested, and again, it wasn't the part of the decision here, but it was suggesting and actually looking back on prior cases where it had performed judicial review, and those cases were new evidence, different facts, and the court says there's good reason distinguishing between the two. In review and denial to reopen for new evidence or change circumstances is unavailable. The petitioner will have to have been deprived of all opportunity for judicial consideration. And this regulation is a standalone regulation that imposes or that supports vacature, whereas a direct appeal to the Veterans Court is simply implementing whatever other statutes or regulations that apply under 7104A. Again, this is a decision that was made by the Secretary under 511A, and so there are different considerations when looking at what the courts are going to be reviewing. One of the primary ones would be defining what is a due process, or at least under the facts as found by the board in its decision, whether that satisfies a due process violation or not. Would you agree that just a motion for reconsideration in the conventional sense may not be filed if filed outside the 120-day period would not be reviewable? I think, Your Honor, that the case law is unclear. In most cases, yes, that is true. But, again, Locomotive Engineers distinguishes between a motion for reconsideration, which was the basis of that appeal, where the appellant is simply asking for a new look for a heightened level of error, as I would describe it. And, Judge Tronto, I think you said, well, I can't find it, but it's essentially a really bad error. Material error. Material error. The VA's regulation talks about clear error or some obvious error, I think is how they describe it. But the statute, I'm sorry, the regulation for reconsideration 20.1001 gives a other basis, which is, again, as Locomotive Engineers talked about, new evidence and some other things. And it's unclear in the case law whether a recon under those circumstances would be appealable or not. We obviously think they would be. But that's, those are more in line with what the motion for vacature is, as opposed to just simply asking the board to look again to see if you're really sure that there was no error made. So as long as somebody says they really made a whopper in this case, then there would be jurisdiction even if it was filed 10 years after the fact. I'm sorry, Your Honor. Even if it was filed 10 years after the fact, it could still, it would still be within the jurisdiction of the court. I'm not sure, Your Honor. I think that there is support. One of the interests that we think about a lot is certainty. Right. And where you're talking about jurisdictional lines, certainty has great value. And it's what has always tempted courts to accept the notion that certain kinds of time limits are jurisdictional. That's not a popular view these days at the Supreme Court. And yet, when we say that just any form of motion for reconsideration can be characterized in a way that will give me jurisdiction to reopen the entire proceeding is one that at least comes with a heavy burden of persuasion. I completely understand, Your Honor, and I agree with that sentiment. But I think when we read Locomotive Engineers, the Supreme Court was not focused on the fact that it was filed, particularly the first petition, that it was filed more than 60 days after the order. It was focused on the fact that it was asking the court or the board to just look again and make sure there was no error.  Thank you. Thank you. Good morning, Your Honors, and may it please the Court. Harms controls the decision in this case. It was exactly the same situation that we're facing here. There was a motion to vacate that was filed more than 120 days after the initial board decision. It was denied. The veterans sought appeal of that denial, and this court said that it was not an appealable decision. This court explicitly referenced and said that neither a motion for reconsideration nor a motion to vacate comprise a new board decision on the merits of the original claims, meaning they're not final board decisions that can be appealable. Counsel tried to make a distinction between Harms and this case, and that in Harms there was an appeal of both the underlying decision, merits decision, and the decision on the motion to vacate, but both of them were decided by this court in Harms. Both were addressed. The court did not say, no, you cannot appeal the underlying merits decision, but, yes, you can appeal the reconsideration decision. This court explicitly addressed both of them. So there's no distinction here between Harms and this case. What if you look at the original Q regulations, and I'm talking about before. I know the statute now governs Q since 1997, I guess. But between 1992, when the veterans court got going, and 1997, Q was entirely a product of regulation, I believe. Am I correct on that?  And yet the veterans court said very early on that denial of Q is reviewable, and they didn't have much trouble saying that that was reviewable. And then the Russell case, one of the first cases out of the veterans court, stood for that proposition. Why doesn't the analysis of the appealability of the denial of Q under the regulation, why isn't that parallel to our situation? Q is a collateral attack on the merits of a decision. This is a procedural issue. Here we're talking about whether there was due process, and the issue raised was our due process consideration, and that was denied. Q is a collateral attack on the merits. It inherently has to be on the merits because in order to establish Q, you have to show that the result on the merits was manifestly different, but for the error. So Q, as you said originally was by regulation, now is by statute, has been explicitly set out by VA and then later by Congress as an exception to the rule of finality. Right. But when VA set it out, VA can't alter the jurisdictional statutes. Congress can. So during that period in which it was a regulation, the court had to say, well, it's a regulation, but this fits within an exception in effect to our, the limits on our jurisdiction. And they did so. So you're saying the distinction is that Q went to the merits as opposed to the process? Yes. That makes sense. And that's consistent with this Court's decision in Maggott in which a final decision Maggott is the one you're citing? Which one? Maggott. Maggott, yes. So in this decision in Maggott, this Court said that a board decision, a final board decision that's appealable under 7252, is one that's granting or denying benefits on the merits, which a Q decision essentially is. To prevail on Q, you're looking at the merits. So it makes sense under Maggott that that would be an appealable decision under 7252. Here, this Court explicitly said in Harms that this type of decision on a motion to vacate is not a decision on the merits and therefore not appealable. So that distinction makes sense even under the jurisdictional statute and the way that this Court has interpreted 7252's reference to a decision of the board. Opposing counsel spent some time telling the distinctions that he thought were relevant in terms of locomotive engineers. Do you want to speak to how you think locomotive engineers may support your arguments? I think locomotive engineers is on point in that the overriding concern in that case, it was an order on reconsideration and that it was unreviewable because it was trying to bring before the Court sort of the underlying decision. And the concern and the way that we raise locomotive engineers in our brief is this concern about perpetual review. Judge Bryson, you were talking about certainty and understanding jurisdiction and that kind of thing. And the possibility here is that a veteran could at any time file a motion to vacate and that could reopen essentially the merits issues at any time. And what the Court was concerned about in locomotive engineers, and that also applies here, is this problem with perpetual review. Yes, in the veteran system there are a couple of very limited, very specific instances, Q being one and 3.156 being another, where you can reopen a final case for certain reasons. Why isn't 20.1000 just that? Due process, no personal hearing. Extremely limited grounds. This claim may not be actually within those grounds, but that's kind of tomorrow's issue if this case were to go forward. Why isn't this similar in that respect? It's not a general, it's not even as broad as material error in the locomotive engineers. Again, I'd make that merits versus procedure distinction because it's a procedural issue. It just doesn't fall within the veterans court's jurisdiction under 7252 because it's just not a decision either granting or denying benefit. I mean, Congress certainly, if it wanted to, could allow this to be a third exception, but certainly this court in Cook said there were only two exceptions at the time. They're a little bit different now, but there were only two exceptions to the finality, Q and at that time new material evidence. Now that doesn't exist. How does 3.156C fit into that? 3.156C is the same thing. It goes to the merits of the case. So if there were service records that were not before the board or VA at the time and then they come back in, that goes to the merits. Isn't that more of a procedural problem as you've divided the universe into process and substance, a division that is often suspect, but why is that not on the procedural side of the divide? Because it's factual evidence that wasn't. The evidence itself is going to be reconsidered in the 3.156 claim, and ultimately there could be a decision on the merits. Here, all that prevailing on a motion to vacate gives you is just another chance to have the proper procedures. So it's different in that respect, and that ultimately you're getting factual evidence back in the record under 3.156C. So under 3.156, not C, but just the general reopening, when you file a reopening claim and you say there's new material evidence, is that the standard?  Relevant. Relevant evidence, and the board says no. This is all old. So motion to reopen denied. That's appealable to the Veterans Court, yes? I believe so, yes. Even though no merits determination, you get benefits, you don't get benefits, has been made in that decision, and it says we're not going to reopen because you've got nothing new. In essence, that's a decision that the evidence you've presented is nothing new. It's not going to help your claim. It's a decision to sort of keep the claim in place on the merits, is that you're bringing this new evidence, and the board's saying, well, this new evidence doesn't help you, and so the claim stands as it is. In the case of a motion to vacate, it's again just an attempt at a new procedure. There's nothing said on what the board's later decision would be if the motion were granted or anything else. It's just a procedural issue. Anything further? Thank you. Thank you. Okay. Thank you, Your Honor. I want to start with the 3.156C discussion that completed the Secretary's presentation. This is what Locomotive Engineers was distinguishing between just looking at the same error and verifying that it was not an error, and new evidence or a changed circumstance. Both 3.156C and 20.1000 allow for a new decision if certain qualifications are met. So whereas 3.156C, the Veterans Court has no problem taking jurisdiction over, as Judge Tronta, as you pointed out, just saying, no, we're not going to do it, so too should they not have any limitations in their jurisdiction to look at whether there was a due process error, which would lead to a new decision just as 3.156C does. Majette, I want to just briefly highlight that this case has nothing to do with this one. Majette has nothing to do with our case. Majette was about a final decision and was not whether a decision was made. They simply said that a remand order is not a final decision, and so this is a final decision. Whether it falls under 7252 is the question. No, because I think they said a little more than that. If I recall, is it Majette? I've always pronounced it maggot, but I bet that Mr. Majette pronounced it Majette. Nobody knows, Your Honor, attorneys around the world are always debating this. But in any event. My recollection of the court went on to say that the reason that they viewed it that way was because a decision, final decision, is a decision granting or denying benefits, and the decision in that case did not qualify as such. That would seem to me to have a bearing on what we're talking about here, as to which of these various rulings is appealable. I understand, Your Honor. I think that that language has to be looked at in the context of what was before the court. Again, this was a remand order. The remand order, the court said, did not grant or deny benefits. It simply ordered additional development, and that's why that language was put in there. It did not talk about a final decision from the board where all the proceedings had ended. It just simply said they didn't do anything but order more development. And I read Majette, maggot, to be limited to the fact that it was a remand order, and therefore there were no benefits granted or denied. But when we're looking at 7252, it is concerned with decisions of the board. And 511A requires the board to issue a decision on any law that affects the provision of benefits. This law is a regulation, a self-imposed regulation, to vacate when a due process violation has been identified. And I want to just end in my final seconds to reiterate that finality is important, but statutes and regulations within the 38 USC and CFR offer many ways to reach back and fix prior bad decisions. This is one of them. Just like 3.156C is reviewable, this should also be reviewable as a 511A decision. If there are no other questions, thank you very much. Thank you. Thanks to all counsel. Case is submitted.